J-S13003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER GORDON | |
| Appellant | No. 1369 MDA 2019 |

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0006831-2016

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY  STABILE, J.:                **FILED DECEMBER 16, 2020**

Appellant, Peter Gordon, appeals from an order denying relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541—9546.  Appellant asserts that guilty plea counsel was ineffective for failing to advise of the consequences that pleading guilty might have on his immigration status.  We affirm.

On May 16, 2017, Appellant, while represented by counsel, entered a negotiated guilty plea and was sentenced to five years' probation for Medicaid fraud (unentitled reimbursement), theft by deception and tampering with public records.[1]  During sentencing, guilty plea counsel advised Appellant on the record that pleading guilty could affect his immigration status. Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 62 Pa.C.S.A. § 1407, 18 Pa.C.S.A. §§ 3922 and 4911, respectively.

acknowledged that he understood. Counsel asked Appellant if he still wished to go forward with the plea as outlined, and Appellant stated that he wanted to continue with the plea. N.T., 5/16/17, at 7-8. Appellant also apologized to the court and promised not to commit the same conduct again. *Id.* at 11.

After sentencing, Appellant did not request to withdraw his plea or file a direct appeal. Accordingly, Appellant's judgment of sentence became final on June 15, 2017.

Over one year later, on November 18, 2018, relying on the holding in ***Padilla v Kentucky***, 559 U.S. 356 (2010) (counsel must inform defendant whether guilty plea carries risk of deportation), Appellant filed a *pro se* PCRA petition alleging that guilty plea counsel was ineffective for failing to advise him of the immigration consequences of pleading guilty. The PCRA court appointed counsel, who filed an amended PCRA petition, and the Commonwealth filed a response. In a memorandum and order dated June 4, 2019, the PCRA court informed Appellant of its intent to dismiss his petition without a hearing. On July 10, 2019, the court entered an order dismissing Appellant's petition. On August 8, 2019, Appellant filed a timely appeal to this Court. The PCRA court entered a Pa.R.A.P. 1925 statement without ordering Appellant to file a statement of matters complained of on appeal.

In this Court, PCRA counsel has filed an **Anders**[2] brief and an application to withdraw as counsel. On May 28, 2020, due to a defect in PCRA counsel's cover letter to Appellant enclosing her application to withdraw (counsel's failure to provide proper notice of Appellant's right to proceed *pro se*), we filed a memorandum denying her application without prejudice. We instructed counsel to send Appellant another letter fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review. We further directed PCRA counsel to advise Appellant that he may respond, within thirty days of counsel's amended letter, to counsel's **Anders** brief.

On June 26, 2020, PCRA counsel filed an amended motion to withdraw as counsel. Attached to this motion was a letter to Appellant dated June 25, 2020 advising that he could file a supplemental brief, either *pro se* or through private counsel, on any points he found worthy of review. Appellant did not file anything in response to counsel's June 25, 2020 letter.

_____

[2] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner/Finley** "no-merit letter" is the appropriate filing. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (citing **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*)). Nevertheless, our practice in these situations is to accept counsel's **Anders** brief and evaluate whether it substantially satisfies **Turner**/**Finley** criteria. **Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

We first address whether PCRA counsel has met the *Finley* requirements for withdrawing as PCRA counsel. These requirements are as follows:

> (1) PCRA counsel must file a no-merit letter (or in this case, an *Anders* brief) that details the nature and extent of counsel's review of the record, lists the appellate issues, and explains why those issues are meritless.
>
> (2) PCRA counsel must file an application to withdraw, serve the PCRA petitioner with the application and the no-merit letter (or *Anders* brief), and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3) This Court must independently review the record and agree that the appeal is meritless.

*Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011). As discussed in our May 28, 2020 memorandum, PCRA counsel's *Anders* brief substantially complies with *Turner*/*Finley* standards. Moreover, counsel served her *Anders* brief on Appellant, and in response to our May 28, 2020 memorandum, counsel notified Appellant informing him of his right to file a supplemental brief *pro se* or through private counsel.

We turn to the issues raised in this appeal. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Widgins*, 29 A.3d at 819. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is

- 4 -

supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Before we may address the merits of this appeal, however, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014). Additionally, "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003).

Here, Appellant's judgment of sentence became final on June 15, 2017. 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant's PCRA petition filed on November 18, 2018 is facially untimely under the PCRA's statute of limitations.

Appellant's petition does not satisfy any of the three exceptions to the statute of limitations. His claim that guilty plea counsel was ineffective for failing to advise him of the immigration consequences of pleading guilty does not raise an issue of government interference or newly discovered evidence. The third and final exception, which concerns retroactive application of United States Supreme Court or Pennsylvania Supreme Court decisions recognizing a constitutional right, only applies when either Court enters a decision **after** the limitation period but rules that the decision applies retroactively to cases on collateral review. ***Padilla***, the decision relied upon by Appellant, was decided seven years **before** Appellant's sentence became final, and eight

years **before** the expiration of the PCRA's statute of limitations. Thus, this exception does not apply to Appellant.[3]

Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2020

---

[3] In any event, both the United States Supreme Court and Pennsylvania Supreme Court have held that **Padilla** does not apply retroactively to cases on collateral review. ***Chaidez v. United States***, 568 U.S. 342 (2013); ***Commonwealth v. Descardes***, 136 A.3d 493, 496 n.6 (Pa. 2016).